## Purchase of Convertible Bonds

HARRY L. ROSSI, Deputy Attorney General, and THOMAS D. McBRIDE, Attorney General, October 31, 1957.—You have requested our opinion as to whether the public school employes' retirement board may pur-

chase as investments corporate bonds which are convertible into common stock of the issuing corporation or are accompanied by warrants to purchase common stock.

Investment of funds in the custody of administrative departments, boards or commissions or officers of the State government other than moneys in the State Sinking Fund are regulated and authorized by the Act of April 25, 1929, P. L. 723, as amended, 72 PS §3603. This act limits said departments, boards and commissions to certain types of investments which are expressly enumerated.

The legislature in not designating the purchase of common stock as an authorized investment, under the above act, has precluded the said departments, boards and commissions from now investing in such common stock.

This act nevertheless does authorize departments, boards and commissions to purchase corporate bonds providing that the issuing corporation or guaranteeing corporation meets certain qualifications. Corporate bonds which are convertible into common stock or are accompanied by warrants to purchase common stock are essentially corporate bonds which are accompanied by an option granted to the holder thereof, permitting him to exercise the option for the purpose of converting the said bond into the common stock of the issuing corporation. Where such an option is to be exercised by the holder of the bond and not by the issuing corporation, it would appear that the departments, boards and commissions could purchase such corporate bonds as long as the option to convert such bonds into common stock, or as long as the warrants to purchase common stock, are not actually exercised. Where the conversion option is exercisable by the issuing corporation or some third party, the purchase of such bonds would be prohibited. In the former case, the

departments, boards and commissions would only be purchasing corporate bonds and not common stock; in the latter case, they would have no such assurance.

It must be pointed out, however, that section 1 of the Act of 1929, as amended, supra, 72 PS §3603, permits the purchase of the corporate bonds if:

"(13i) Purchased in the exercise of that degree of judgment and care under the circumstances then prevailing which men of prudence, discretion and intelligence exercise in the management of their own affairs, not in regard to speculation but in regard to the permanent disposition of their funds, considering the probable income to be derived therefrom as well as the probable safety of their capital; . . ."

The above duty imposed upon the departments, boards and commissions is called to your attention since at whatever price the above classes of corporate bonds are offered, the price would necessarily include a value based upon the existence of the conversion feature or the accompanying warrants to purchase common stock. If then the departments, boards and commissions may not exercise the option to purchase common stock or convert the bonds into common stock of the issuing corporation, the purchase price of such bonds must not be such that the departments, boards and commissions would be charged with failing to exercise proper discretion in the management of the funds entrusted to it by virtue of the fact that the purchase price for such bonds was excessive in light of the inability to effectuate the conversion.

Therefore, we are of the opinion and you are accordingly advised that although the public school employes' retirement board may purchase corporate bonds which are convertible into common stock of the issuing corporation or are accompanied by warrants to purchase common stock, said board may not exercise its option to convert such bonds into common stock or exercise a right to purchase such stock.

Furthermore, such bonds may not be purchased by the board if the issuing corporation also has an option to convert the corporate bonds in the possession of the holder into common stock.

· Lastly,. if the board purchases such bonds it must do so with the view of obtaining a return which is advantageous, nothwithstanding the additional purchase price it must pay because of the conversion features or the accompanying warrants to purchase, and not in violation of the duties imposed upon it by the above act.